**FILED**

JUL 2 3 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vernon Autrey,                )
                              )
         Petitioner,          )
                              )
    v.                        )   Civil Action No. **12 1205**
                              )
United States of America,     )
                              )
         Respondent.          )

## MEMORANDUM OPINION

This matter is before the Court on initial review of the *pro se* petition for a writ of *habeas corpus* and the petitioner's application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner, claiming actual innocence, seeks to vacate his 1998 judgment of conviction entered by the Superior Court of the District of Columbia. *See* Pet. at 1-2. It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). Under District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). Section 23-110(a)(1) provides an adequate remedy for D.C. prisoners to pursue constitutional claims of actual innocence. *See Ibrahim v. U.S.*, 661 F.3d 1141, 1143-46



(D.C. Cir. 2011). This Court therefore lacks authority to entertain the instant petition. A separate Order of dismissal accompanies this Memorandum Opinion.

                                                                                 /s/
                                                        United States District Judge

Date: July 16th, 2012